**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NAHUN ANTONIO OLIVEROS-LEON, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-26-170-PRW |
| SCARLET GRANT, et al. | ) | |
| Respondents. | ) | |

**ORDER**

Before this Court is Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1). This case is one of many habeas petitions filed by an alien detainee challenging the legal basis for his detention. Petitioner alleges that he has been detained since October 31, 2025, that he has not been provided with an individualized custody determination before a neutral decision maker, and that the failure to provide him with one violates his procedural due process rights. He further clarifies in his Reply (Dkt. 10, at 3) that—in addition to a general claim for relief under Fifth Amendment—he asserts that he is entitled to a bond hearing under 8 U.S.C. § 1226. The Tenth Circuit recently held in *Quiroz v. Mullin* that § 1226(a) provides aliens arrested within the interior of the United States a right to an individualized bond hearing.[1] Because the Petition alleges—and the government does not dispute—that ICE arrested Petitioner within the interior United States, *Quiroz* mandates that he is detained pursuant to § 1226(a).

[1] 180 F.4th 1226, 1237 (10th Cir. 2026).

Respondents argue that Petitioner's detention is governed by § 1231, which applies to aliens detained after the entry of a final order of removal, and does not provide for an individualized bond hearing. Under 8 U.S.C. § 1101(47)(B), a deportation order from an Immigration Judge "becomes final upon the earlier of…(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." Petitioner's EOIR Case Information page reveals that he was issued an order of removal on January 2, 2026, but has since appealed that decision, and his appeal is still pending.[2] Accordingly, Petitioner's detention remains governed by § 1226.

The Court therefore **GRANTS** the Petition (Dkt. 1) **IN PART**. The Court **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within seven days of this Order or otherwise release Petitioner if he has not received a bond hearing within that period.[3] All other pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED** this 7th day of October 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[2] Exec. Off. for Immigr. Rev., *Automated Case Info.: Case Info. for A-213-159-498*, U.S. Dep't of Just., https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 6, 2026).

[3] If Respondents contend that this case is factually distinct from *Quiroz* such that *Quiroz* does not control, or if there has been a material change in Petitioner's status (for example, if Petitioner has agreed to voluntarily depart) they may file a motion for reconsideration within seven days of this Order.